UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT DALE ROBERTS,

v.  Case No. 8:05-cr-537-T-24TBM
 8:07-cv-1861-T-24TBM

UNITED STATES OF AMERICA.

O R D E R

This cause is before the Court upon Defendant Robert Dale Roberts' motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (hereinafter "motion" or "motion to vacate"). (Doc. cv-1; cr-56).  Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. *See* 28 U.S.C. § 2255.

PROCEDURAL HISTORY

On June 30, 2006, Roberts pled guilty, pursuant to a plea agreement (Doc. cr-42, 43), to transfer [of] explosive materials knowing that such explosive materials would be used to commit a crime of violence, in violation of 18 U.S.C. § § 844 (o) and (h) (count six of a six-count indictment). (Doc. cr-42, 43, 53).

The plea agreement contained an appeal of sentence waiver that reads:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violated the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Doc. cr-43 at 9-10).

On October 12, 2006, the Court sentenced Roberts to one hundred and twenty months incarceration, the minimum mandatory term of imprisonment required by statute. Counts one through five were dismissed on the Government's motion. Judgment was entered that same day. (Doc. cr-53).

On September 10, 2007, Roberts signed the present motion to vacate. He filed the motion on October 12, 2007. The motion to vacate is timely.

## Discussion

Roberts claims that his defense attorney was ineffective for failing to file a motion for a downward departure based on Roberts' physical and mental problems "due to prior military service and the fact that he had lost a child." (Doc. cv-1 at 1).

This claim has no merit because Roberts waived his right to appeal the sentence the Court imposed. In *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit considered an appeal waiver containing essentially the same language as that

contained in Defendant Robert's appeal waiver. Having considered the language in Williams' appeal waiver, the Eleventh Circuit held that a valid sentence-appeal waiver, "entered into voluntarily and knowingly pursuant to a plea agreement, precluded movant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." *Williams*, 396 F.3d at 1341-1342.

In the present case, Roberts initialed every page of the plea agreement and signed the entire document. On page ten of the plea agreement, Roberts acknowledged that he was entering into the [plea] agreement and was pleading guilty freely and voluntarily without reliance upon any discussion between the attorney for the Government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained [in the plea agreement], and without threats, force, intimidation or coercion of any kind." (Doc. cr-43 at 10-11)

In his present motion to vacate, Roberts does not challenge the voluntariness of his plea. In fact, at his sentencing, the Court asked Roberts if he were sure that he intended to plead guilty, and he answered that he intended to plead guilty and <u>was</u> pleading guilty. (Doc. cr-58 [Transcript of Sentencing Hearing] at 15).

At the sentencing hearing, the Court heard further testimony that the plea was voluntary:

> MS.GUZMAN: [Defense Counsel] And your Honor, just for the record, uh, all options were explored with Mr. Roberts. Trial was one option that was explored with him by myself and Ms. Dyer, who is in the courtroom as well, uh, perhaps hiding, uh, but the decision was made to enter a plea in this case. Uh, it was a voluntary plea in my opinion. Uh, I don't think there's any dispute about that.

Just again for the record, uh, Ms -- Judge McCoun took the plea, he actually had set the plea on one day. There had been some discussions at the time of the change of plea hearing.

Judge McCoun re-set the plea for the following day so that Mr. Roberts would have a night to sleep about it and make sure this is what he wanted to do.

He was brought in the next day, indicated to Judge McCoun that he wanted to enter the plea, and obviously the change of plea ensured. And Judge McCoun made the recommendations to the Court that it was a voluntary plea.

Uh, all options were explored with Mr. Roberts, and I think his decision to enter into a plea in this case was certainly voluntary and knowing.

THE COURT: Okay.

And that's -- that's -- still your position?

THE DEFENDANT: Yes, ma'am, it is.

THE COURT: Okay.

Mr. Roberts, on June the 30th, 2006, you pled guilty to Count VI of an Indictment which charged you with transfer of explosive materials knowing that such explosive materials would be used to commit a crime of violence. That's what you pled guilty to.

THE DEFENDANT: Yes, ma'am.

THE COURT: I accepted that plea in writing. And as your attorney just stated, you pled in front of Judge McCoun, a Magistrate Judge, but I accepted the plea in writing and adjudicated you guilty.

I have read the Presentence Investigation Report. You told me earlier you, too, have been over the Presentence Investigation Report, is that right?

THE DEFENDANT: Yes, ma'am, I have.

THE COURT: An you've discussed it with your attorney?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay.

>All right. there are no objections to any of the facts or the guideline calculations, so -- there were some things that were pointed out by the defendant regarding criminal history, however, they don't affect the sentence, and it was not requested that I rule on them, so I did not do that.
>
>I will adopt the guideline calculations -- to the extent there were some -- and the facts in the Presentence Report. The criminal history category is a I. Even though there were lots of things there, they weren't scorable things.
>
>So the minimum mandatory is what governs here, and that's 120 months, two to three years of supervised release, and there's no -- I'm not going to impose a fine -- and $100 special assessment.
>
>Anything else you want to say?
>
>THE DEFENDANT: No, ma'am; no ma'am.

(Doc. cr-58 at 14-19).

In his section 2255 motion, Defendant Roberts does not allege that his plea was not knowingly and voluntarily entered. Therefore, his claim of ineffective assistance of counsel during his sentencing for failing to file a motion for a downward departure fails under the holding in *Williams*.

Final Comments

Robert's underlying substantive argument has no merit. A motion for a downward departure would have been unsuccessful, in that the Court was required to impose the minimum mandatory sentence.

Accordingly, the Court orders:

That Defendant's motion to vacate (Doc. cv-1, cr-56) is denied, with prejudice. The Clerk is directed to enter judgment against Roberts in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on December 14, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA:  Maria Guzman
Robert Dale Roberts